

Fee Pd

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 2 7 2005

CLERK, U.S. DISTRICT COURT
CIVIL NO.
By _____
Deputy

| | |
|---|---|
| CHERI DAWN CLAUSEN HARWELL | § |
| | § |
| Plaintiff | § |
| | § |
| | § **3-05 CV-1918 M** |
| vs. | § |
| | § COMPLAINT |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § and |
| and | § DEMAND FOR JURY TRIAL |
| CAPITAL ONE SERICES, INC. | § |
| | § |
| Defendants | § |

---

## COMPLAINT

COMES NOW the Plaintiff, CHERI DAWN CLAUSEN HARWELL, (hereafter the "Plaintiff") by counsel, and for her complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought bye dear ("FDCPA") the Fair Debt Collection Practices Act,, as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, et seq. ('TDCA") to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendants violations of these various statutory provisions.

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. 1367.

3. The Plaintiff is a natural person and resident of the State of TEXAS. She is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") is a corporation incorporated under the laws of the State of Delaware authorized

to do business in the State of TEXAS having its principal place of business at 475 Anton Blvd., Costa Mesa CA 92636.

5. Upon information and belief, EXPERIAN is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, CAPITAL ONE SERVICES, INC. ("CAPITAL ONE") [a/k/a CAPONE BANK-INT INVES, 465 Kimball Place, Boise, ID 83704] is a purchaser of under-performing credit instruments, authorized business in the State of TEXAS, as a consumer finance company with its primary place of business at 1680 Capital One Drive, McLean VA 22102.

8 In April of 2004, Defendant CAPITAL ONE reported to the various credit reporting agencies, including the Defendant Experian, that a Citibank loan which it purchased in the amount of $5,375.00 was past due, delinquent and owed by the Plaintiff.

9. Plaintiff requested and received a copy of the credit file of the Plaintiff compiled and maintained by EXPERIAN (the "EXPERIAN credit report").

10. Within the EXPERIAN credit report, EXPERIAN reported that Plaintiff had opened and was responsible for the credit account, which account was still outstanding and had a derogatory payment history (the "CAPITAL ONE representation").

11. The CAPITAL ONE representation was false.

12. On various dates in the year of 2005, Plaintiff contacted EXPERIAN disputing the CAPITAL ONE representation and requested further information regarding same. Plaintiff notified EXPERIAN and CAPITAL ONE that she was merely an authorized user of the contested Citibank account and had no contractual responsibility for the payment of the account, which information was verified by Citibank and supplied to CAPITAL ONE and EXPERIAN.

13. A copy of the correspondence was also forwarded to Defendant, EXPERIAN, requesting that EXPERIAN verify and delete the erroneous CAPITAL ONE representation from her credit file.

14. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, EXPERIAN did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the CAPITAL ONE representation.

15. CAPITAL ONE did not respond to Plaintiff's dispute letter.

### FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

16. The Plaintiff realleges and incorporates paragraphs 1 through 15 above as if fully set out herein.

17. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

18. As a result of this conduct, action and inaction of EXPERIAN, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

19. EXPERIAN's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

20. The Plaintiff is entitled to recover costs and attorney's fees from EXPERIAN in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

### SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

21. Plaintiff realleges and incorporates paragraphs 1 through 20 above as if fully set out herein.

22. EXPERIAN violated 15 U.S.C. §1681i(a) on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such

inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

23.  As a result of this conduct, action and inaction of EXPERIAN the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials.

24.  EXPERIAN's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

25.  The Plaintiff is entitled to recover costs and attorney's fees from EXPERIAN in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 1681o.

### FIRST CLAIM FROM RELIEF AGAINST CAPITAL ONE

26.  Plaintiff realleges and incorporates paragraphs 1 through 25 above as if fully set out herein.

27.  CAPITAL ONE published the CAPITAL ONE representations to EXPERIAN, through these credit reporting agency to all of Plaintiff's potential lenders on multiple occasions(the "Defamation").

28.  The Defamation was willful.  CAPITAL ONE did not have any reasonable basis to believe that the Plaintiff was responsible to pay this account.  It also had substantial evidence by which to have verified that the Plaintiff's account was not the Plaintiff's responsibility.  CAPITAL ONE willfully determined to follow procedures, which it did not review, confirm or verify the identity of persons to whom Citibank lent money.  Further, even if CAPITAL ONE would attempt to plead ignorance prior to June, 2005, it had all of the evidence and information with which to confirm and recognize the Plaintiff had no contractual responsibility to pay the Citibank obligation which CAPITAL ONE purchased.

29.  As a result of this conduct, action and inaction of CAPITAL ONE, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

30.   The Defamation, conduct and actions of CAPITAL ONE were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against CAPITAL ONE in an amount to be determined by the Court.

**SECOND CLAIM FOR RELIEF AGAINST CAPITAL ONE**

31.   Plaintiff realleges and incorporates paragraphs 1 through 30 above as if fully set out herein.

32.   CAPITAL ONE violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2 by publishing the CAPITAL ONE representation within Plaintiff's credit file with EXPERIAN without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the CAPITAL ONE representation; to review all relevant information regarding same, and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

33.   As a result of this conduct, action and inaction of EXPERIAN, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

34.   CAPITAL ONE's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

35.   The Plaintiff is entitled to recover costs and attorney's fees from CAPITAL ONE in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**SECOND CLAIM FOR RELIEF AGAINST CAPITAL ONE**

36. Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3).

37. CAPITAL ONE is a corporation engaged in the business of purchasing uncollectible consumer debts of creditors and then attempts to collect that debt asserted to be due another in the Northern District of Texas. The principal purpose of business is the collection of consumer debts of others for its own account using the mails and telephone, and it regularly attempts to collect consumer debts for others. CAPITAL ONE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

38. In April of 2004, Defendant CAPITAL ONE reported to the various credit reporting agencies, including to the Defendant EXPERIAN, that a Citibank loan which it purchased in the amount of $5,375.00 was past due, delinquent and owed by the Plaintiff.

39. This report by CAPITAL ONE was made for the purpose of collecting the Citibank account, again, which the Plaintiff had no responsibility to pay.

40. The Plaintiff was never given the opportunity to request that CAPITAL ONE validate the obligation prior to this derogatory report.

41. The foregoing act and omission was undertaken on behalf of the Defendants by their agent, or employee, acting at all times relevant hereto within the scope of that relationship.

42. The foregoing act and omission of the Defendants was undertaken willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

43. The foregoing act and omission of the Defendant was undertaken indiscriminately, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

44. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") the FDCPA by, but are not limited to, the following:

    a.    In violation of 15 U.S.C. § 1692d, and the "least sophisticated consumer standard," the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt.

    b.    In violation of 15 U.S.C. § 1692f, and the "least sophisticated consumer standard," the Defendant used unfair and unconscionable means to collect a debt.

c. In violation of 15 U.S.C. § 1692f(1), and the 'least sophisticated consumer standard,' the Defendant is attempting to collect an un-collectable debt.

## THIRD CLAIM FOR RELIEF AGAINST CAPITAL ONE

45. The Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

a. In violation of Tex. Fin. Code § 392.301(a)(8), the Defendant threatened to take (and/or did take) an action prohibited by law.

b. In violation of Tex. Fin. Code § 392.304 (a)(19), the Defendant used false representations or deceptive means to collect a debt .

c. In violation of Tex.. Fin. Code § 392.302, the Defendant, by calling incessantly, employed practices that were intended to oppress, harass and abuse the plaintiff

46. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render him liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severally; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

Dated: September 16, 2005.

Respectfully submitted

_____
Mark V. Oppenheimer
ATTORNEY FOR PLAINTIFF
3007 St. Frances Drive
Mansfield, Texas 76063
Voice: 817-808-6698

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated: September 26, 2005.

Respectfully submitted,

Mark V. Oppenheimer
ATTORNEY FOR PLAINTIFF
3007 St. Frances Drive
Mansfield, Texas 76063
Voice: 817-808-6698

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

3-05 CV - 1918 M

## I. (a) PLAINTIFFS

CHERI DAWN CLAUSEN HARWELL

**DEFENDANTS**

EXPERIAN INFORMATION SOLUTIONS, INC. and
CAPTIAL ONE SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff _____ DALLAS
(EXCEPT IN U.S. PLAINTIFF CASES)

RECEIVED

County of Residence of First Listed Defendant _____ Va. & CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

SEP 27 2005

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mark Oppenheimer, 3007 St. Frances Drive, Mansfield, TX 76063
817 808 6698

Attorneys (If Known)

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 365 Personal Injury - Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [x] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| | [ ] 370 Other Fraud | | | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | | | |
| | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: pursuant to 15 U.S.C. §1681 et seq. 15 USC 1692 and for the common law tort

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** statutory

CHECK YES only if demanded in complaint:

**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____ DOCKET NUMBER _____

DATE

9/1/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____